UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MICHAEL LALIMA,                                                    Case Number:

Plaintiff,                            **COMPLAINT**

-against-

LONG ISLAND RAILROAD COMPANY,

Defendant.
-------------------------------------------------------------X

PLAINTIFF DEMANDS TRIAL BY JURY

Plaintiff, by and through his attorneys, the **LAW OFFICES OF NEIL MOLDOVAN, P.C.**, as

and for his Complaint, sets forth as follows upon information and belief:

1.      This action is brought under the Federal Employers' Liability Act, (45 U.S.C. § 51

et seq.).

2.      The Court has jurisdiction over this action pursuant to 45 U.S.C. §56.

3.      That at all times hereinafter mentioned, Plaintiff, MICHAEL LALIMA (hereinafter

"**LALIMA**") was, and still is, a resident of the County of Suffolk, State of New York, and therefore

resides within the Federal Judicial District of the Eastern District of New York.

4.      The acts and omissions complained of herein occurred in the Federal Judicial

District of the Eastern District of New York.

5.      That the defendant, LONG ISLAND RAILROAD COMPANY (hereinafter

"**LIRR**") is a corporation engaged in interstate commerce by rail and operates a railroad system and

railroad yards within the jurisdiction of this Court.

6.      That the **LIRR** is doing business in the Eastern District of New York.

7.      That on, and prior to, March 31, 2022, and at all times hereinafter mentioned, the

**LIRR** employed **LALIMA** as an "engineer of work equipment" under its direction, supervision and control and in furtherance of the **LIRR**'s business in interstate commerce.

8.      That on, and prior to March 31, 2022, and at all times hereinafter mentioned, the **LIRR** maintained, operated and controlled the "Amityville Yard" located at Broadway and Railroad Ave., in Amityville, New York (hereinafter "accident site") which contained supplies owned by the **LIRR**, including but not limited to, pipes, sewer rings, metal rebar, railings, and appurtenances thereto.

9.      That on or about March 31, 2022, while **LALIMA**, an employee of the **LIRR**, was in the performance of his duties as an engineer of work equipment at the aforesaid accident site, the **LIRR**, its agents, servants and employees, were negligent and careless in failing to provide **LALIMA** with a safe place to work; in failing to warn **LALIMA** of the dangers existing at the accident site regarding the work being performed on the above date; in failing to inspect the materials being moved and lifted at the accident site; in failing to provide adequate manpower; in failing to provide adequate and proper machinery and equipment; in permitting and allowing the aforesaid accident site to remain and exist in a dangerous and hazardous condition; in negligently allowing the lifting and loading of piping to be conducted without proper personnel, supervision and equipment; in negligently allowing the lifting and loading of piping to be conducted without sufficient personnel, supervision and equipment; in permitting and allowing a dangerous practice to exist so that **LALIMA** and others working with the piping were put in a position of danger; and negligently failing to enact and enforce safety rules, regulations, procedures, and practices for activities carried out by its personnel at the accident site, including the Long Island Railroad Corporate Employee Safety Policy and Procedures; that all of the foregoing brought about severe and disabling injuries to **LALIMA**, including, but not limited to, tears and fraying of the labrum

and tendons of the left shoulder, with impingement and dislocation.

10.     That the said injuries occurred while the **LALIMA** was acting in the furtherance of

the **LIRR's** interstate commerce work.

11.     That **LALIMA** was damaged thereby in the sum of $1,500,000.00.

WHEREFORE, **LALIMA** demands judgment against the **LIRR** in the sum of ONE

MILLION ($1,500,000.00) DOLLARS, together with the costs and disbursements of this action.

Dated: Garden City, New York
            July 5, 2022

Yours, etc.
LAW OFFICES OF NEIL MOLDOVAN, P.C.

By: **TOD GROMAN, ESQ.** TG 2717
Attorneys for Plaintiff
900 Stewart Avenue, Suite 220
Garden City, NY 11530
(516) 294-3300